UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHARLES E. MUNGOVAN[1]                              CIVIL ACTION

VERSUS                                              NO. 12-616

CITIMORTGAGE, INC., ET AL.                          SECTION "N" (1)

## ORDER AND REASONS

 Presently before the Court is a motion (Rec. Doc. 49) filed by Defendant CitiMortgage, Inc.,[2] seeking dismissal of the claims filed against it by Plaintiff Charles E. Mungovan.[3] As stated herein, **IT IS ORDERED** that the motion is **GRANTED** such that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

 In this action, Plaintiff seeks a declaration of entitlement relative to $143,000.00 of flood insurance proceeds made payable in 2005, when Mr. Mungovan's home located at 5028

---

[1]  This action was commenced in state court by Charles E. Mongovan ("Mr. Mungovan"). Following his death on March 4, 2012, Mr. Mongovan's daughter and succession representative, Stacy Mungovan Domingue ("Ms. Domingue"), was substituted as the plaintiff. *See* Rec. Doc. 25. References herein to "Plaintiff" encompass both Mr. Mongovan and Ms. Domingue unless otherwise indicated.

[2]  CitiMortgage, Inc., is the only remaining defendant in this matter. Thus, the Court refers to it herein as "Defendant."

[3]  On April 2, 2013, the Court granted Plaintiff's motion seeking reconsideration of an earlier order granting Defendant's motion to dismiss following Plaintiff's failure to timely file a memorandum in opposition. *See* Rec. Docs. 55, 62, and 67.

Cartier Avenue, New Orleans, Louisiana, in 2005, was destroyed by Hurricanes Katrina and Rita. Plaintiff also seeks an award of damages for the alleged wrongful foreclosure and judicial sale of the Cartier Avenue property in December 2010.  Urging that Plaintiff's allegations fail to state a claim upon which relief can be granted, Defendant seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### LAW AND ANALYSIS

As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J.), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted);  see also *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570)).  The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279 (1986).  If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

Applying the foregoing principles to Plaintiff's claims, the Court, having carefully reviewed the parties' submissions and applicable law, finds Defendant's motion to have merit.  With respect to the insurance proceeds, which were made payable to both Mr. Mungovan and Defendant,[4] section 11 of the mortgage provides:

> 11.  **Assignment of Miscellaneous Proceeds; Forfeiture**. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.
>
> If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.[]  If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured to this Security

---

[4]     The memorandum submitted in support of the Standard Fire Insurance Company's motion seeking to deposit insurance funds into the registry of the Court reveals that the insurer first issued a check made payable to "Charles E. Mungovan and CitiMortgage, Inc.," in the amount of $143,000.00, on December 5, 2005.  *See* Rec. Doc. 51-1, p. 2. Because the check was never negotiated and became stale, re-issuance of the check was attempted on January 11, 2006, and again on January 14, 2010.  *Id.* Given that an agreement was never be reached between Plaintiff and Defendant regarding the allocation and use of the proceeds, however, the Standard Fire Insurance Company ultimately deposited the funds into the Court's registry, pursuant to the Court's order, on March 28, 2013.  *See* Rec. Doc. 61.

Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.[5]

Significantly, Plaintiff has not alleged that "restoration or repair [was] economically feasible and Lender's security [would not be] lessened."[6]  The Court further notes that Mr. Mungovan made no mortgage payments between September 2005 and December 2010, when the property was sold at a sheriff's sale, and that, when the foreclosure proceeding commenced, the mortgage principal balance owed was $128,072.52, plus interest at a rate of 6.125% per annum since August 1, 2005.[7] Thus, the Court concludes that Plaintiff has failed to state a claim relative to the insurance proceeds upon which relief can be granted.

Plaintiff's damages claims for "bad faith failure to negotiate" and "wrongful foreclosure" likewise lack merit.[8]  With respect Defendant's "failure to negotiate," Plaintiff points

---

[5]       See Rec. Doc. 49-2, p. 7 of 13.

[6]       Although the Court is aware that the Standard Fire Insurance Company issued a check on December 5, 2005, in the amount of $143,000.00, the parties never agreed, during the five-year period in question, how those proceeds should be utilized.  Nor does Plaintiff allege the amount of money reasonably required, as of that time, to restore the undisputedly destroyed property, or that, in any event, Defendant's security would not be lessened if restoration were undertaken.

[7]       The mortgage was executed on May 11, 2004, in the amount of $129,900.00, payable in 360 monthly installments, at a interest rate of 6.125% per annum.  See Rec. Docs. 49-2, p. 1, and 49-3, p. 1.

[8]       Despite concluding that Defendant's motions should be granted, the Court nevertheless notes the disappointing and somewhat disturbing fact that a curator seemingly was sought, and appointed, in the underlying executory proceeding when, approximately two months before the March 30, 2010 petition for executory process was filed, certain of Defendant's own loan file documents, including a document dated January 26, 2010, reflect a preferred mailing address of  3433 Highway 190, #207 Mandeville, Louisiana, for Mr. Mungovan, following the complete destruction of the mortgaged property located at 5028 Cartier Avenue, in New Orleans.  See Rec. Docs. 49-4, p.1 and  56-2, pp. 5 and 6.  Defendant's files also reflect notice of the destruction of the mortgaged property.  Further, Defendant actually requested that the sheriff attempt service at two addresses:  5028 Cartier Avenue, New Orleans, Louisiana, and Post Office Box 61, Madisonville,

4

to no legal duty, imposed by law or contract, requiring Defendant to delay foreclosure or negotiate more than it did. And, with respect to any deficiencies in the executory proceeding ultimately instituted by Defendant in 2010, Plaintiff does not allege that legally recoverable damages were actually suffered.[9] Specifically, Plaintiff does not contend that mortgage payments were not due, or that Mr. Mungovan was not in default, or that, if the alleged deficiencies had not occurred, Mr. Mungovan would have timely cured any default. *See, e.g., Mortgage Electronic Registration*

---

Louisiana. *See* Rec. Doc. 49-6, p. 1. Finally, the affidavit executed by Christopher Cucchiara, paralegal to Defendant's counsel in the foreclosure proceeding, avers that the sheriff was unable to serve Mr. Mungovan and was returning the notice of seizure "after a due and diligent search for [Mr. Mungovan] at 1515 Poydras Street, Suite 2260, New Orleans, Louisiana 70112 and 5028 Cartier Avenue, New Orleans, Louisiana 70122. *See* Rec. Doc. 56-4, p. 3. The parties' submissions, however, provide no explanation of the relevance, if any, of the Poydras Street address.

[9]     Regarding the foreclosure proceeding itself, Plaintiff does not allege that annulment of the judicial seizure and sale was ever sought or obtained. A debtor who fails to utilize Louisiana Code of Civil Procedure articles 2642 and 2751-54 to enjoin the sale of property by executory process, and fails to take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, however, cannot thereafter annul the sale on grounds of minor defects of form or procedure. *See Deutsche Bank Nat. Trust Co. v. Carter,* 59 So.3d 1282, 1286 (La. App. 5 Cir. 2011), *writ denied*, 61 So. 3d 691 (La. 2011) (citing *American Thrift & Finance Plan Inc. v. Richardson*, 977 So.2d 105, 108 (La. App. 5 Cir. 2008 )); *Reed v. Meaux,* 292 So.2d 557 (La.1973). Similarly, if neither the aforementioned injunction nor suspensive appeal were employed, even defects in the proceedings that are "substantive in character and [] strike at the foundation of the executory proceeding," including "fraud and ill practices," justify an annulment only when property was adjudicated to and remains in the hands of the foreclosing creditor, rather than in the hands of an innocent third party. *See Deutsche Bank Nat. Trust Co.*, 59 So.3d at 1286; *American Thrift & Finance Plan Inc.,* 977 So.2d at 108-09 (citing cases). Finally, Louisiana Revised Statute 13:4112 additionally provides:

> No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish.

*Systems, Inc., ("MERS") v. Daigle,* 10 So. 3d 288, 294 (La. App. 5 Cir.), *writ denied*, 32 So.3d 877 (La. 2009) (Although the court made no finding as to whether there was a technical deficiency in the foreclosure proceedings,   Ms. Daigle was not entitled to damages given that evidence demonstrated a default).

   Additionally, Plaintiff's delictual claims concerning alleged deficiencies of the foreclosure proceeding  are subject to a one-year prescription period.   *See* La. Civ. Code art. 3492. The petition for foreclosure was filed on or about March 30, 2010, the property in question was sold on December 2, 2010, and a sheriff's deed was recorded in the public records on December 15, 2010.[10]  Suit in this matter was not filed in this matter, however, until January 26, 2012 – more than a year after the foreclosure proceeding concluded.[11]   Thus, because the claims are facially prescribed, Plaintiff bears the burden of demonstrating their timeliness.  See*, e.g., Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002); *Milbert v. Answering Bureau, Inc*., – So. 3d – , 2013 WL 3285852, *4 (La. 6/28/13).

   Plaintiff seeks to accomplish this task by invoking the doctrine of *contra non valentum*, and arguing a lack of "concrete knowledge of the foreclosure proceedings," until March 2011, when Plaintiff's counsel's abstractor provided him with copies of certain documents from the foreclosure proceedings.  The same document on which Plaintiff relies in making this argument, however, indicates that, at least as of February 24, 2011 (purportedly a short time after Mr. Mungovan's first meeting with present Plaintiff's counsel), Mr. Mungovan and/or his attorney possessed a copy (or at least the first page) of the petition for executory process, and were aware that

---

[10]  *See* Rec. Docs. 49-5, p. 1 of 4; 49-7, pp. 1 of 9 and 9 of 9.

[11]  *See* Rec. Doc. 1-1, p. 5 of 14.

a sheriff's deed had been recorded.[12]  Nor is any other evidence, including an affidavit of counsel or Ms. Domingue, offered to demonstrate when Mr. Mungovan first actually knew or reasonably should have known of the pendency or conclusion of the foreclosure proceeding.  Thus, on this showing, Plaintiff has failed to demonstrate the timeliness of the damages claims.

Finally, Plaintiff's supplemental opposition memorandum argues fraud, acknowledges fraud has not been pled with particularity, and seeks leave to amend to do so.  The Court, however, on the showing made, declines to allow further amendment.  As stated above, Plaintiff has not demonstrated the timeliness of any damage claims under Louisiana Civil Code article 2315.  Additionally, Plaintiff previously amended the state court petition, but failed to assert fraud.  Nor, moreover, has Plaintiff, in requesting leave to amend, identified additional facts, if allowed, that would satisfy the particularity requirement of Rule 9 of the Federal Rules of Civil Procedure, or explained why such facts could not have been alleged previously.

## Conclusion

As stated herein, the motion to dismiss presently before the  Court (Rec. Doc. 49) is granted.  Accordingly, Plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana, this 18th day of July 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[12]        *See* Rec. Doc. 66-1.

7